IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLEMENTINE J. PARKER,<br>C/O DCSE, SUSSEX,<br><br>          Plaintiff/Petitioner,<br><br>v.<br><br>STEPHANIE PARKER,<br><br>          Defendant/Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>: Civ. No. 13-823-LPS<br>: Del. Fam. Ct. Case No. 10-11623<br>: File No. CS04-1325<br>:<br>: |

Stephanie Parker, Seaford, Delaware, Pro Se Defendant/Respondent.

**MEMORANDUM OPINION**

July 8, 2013
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge

## I. INTRODUCTION

Defendant/Respondent Stephanie Parker ("Parker") of Seaford, Delaware, removed this case from the Family Court for the State of Delaware in and for Sussex County on May 9, 2013. (D.I. 2) She appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) For the reasons discussed below, the Court will summarily remand the case to State Court.

## II. BACKGROUND

Parker removed this matter from the Delaware Family Court. The Notice of Removal states the case is filed under jurisdictional statutes 28 U.S.C. § 1331 and § 1343, removal statutes 28 U.S.C. §§ 1443(1) and 1446, a review statute 28 U.S.C. § 2108, and civil rights statutes 42 U.S.C. §§ 1981(a), 1983, 1985(3), and 1988. A notice of a hearing on a petition for child support arrears is attached to the Notice of Removal. The hearing was set for May 13, 2013. While not clear, it seems that Parker objects to the hearing and to the amount of child support for which she is responsible.

Parker states that she cannot be compelled to appear again in the Family Court of Sussex County without constitutional proof that her rights will be upheld. She suspects that her rights will be denied during the hearing. Parker states that she cannot receive a fair hearing in the racist Family Court of Sussex County, Delaware. (*See* D.I. 2)

This is Parker's third attempt to remove Family Court File No. CS04-1325 to this court. The prior cases were summarily remanded to the Family Court of the State of Delaware, Sussex

County. *See Parker v. Parker*, Civ. No. 06-706-JJF (Feb. 20, 2007); *Parker v. Parker*, Civ. No. 10-744-LPS (Nov. 8, 2010).

## III. STANDARD OF REVIEW

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.*

The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based upon improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

## IV. DISCUSSION

Parker filed her Notice of Removal pursuant to 28 U.S.C. § 1331 (i.e., federal question), 1443(1) (i.e., removal of civil rights cases), § 1343 (i.e., civil rights and elective franchise), and

§ 1446 (i.e., procedure for removal). Parker bandies about federal statutes in an unsuccessful attempt to establish federal jurisdiction. It is clear from the Notice of Removal that Parker believes she will not be treated fairly by the State Court during the hearing on the arrearage of child support.

To the extent Parker seeks removal under § 1443, said section permits removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443. The Supreme Court articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "denied or cannot enforce that right in the courts" of the state. *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966); *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997).

Parker alleges that she will not be treated fairly in State court because of past rulings, thus implicating a civil rights violation. However, the allegations speak to speculative future discrimination. Nonetheless, assuming that Parker's allegations support an inference of discrimination, she must also show that she will be denied or cannot enforce her rights in the state courts. 28 U.S.C. § 1443(1); *State of Georgia v. Rachel*, 384 U.S. at 788; *Davis v. Glanton*, 107 F.3d at 1047. There are no allegations to suggest that, if in fact Parker's rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights. Accordingly, Parker has not established her entitlement to removal pursuant to § 1443(1). *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (Under § 1443(1), the vindication of

the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied . . . .").

Finally, Parker failed to comply with the requisites for removal. She did not provide for the Court's review any copies of process, pleadings, or orders from the state civil proceeding, other than a notice of hearing. *See* 28 U.S.C. § 1446(a). Based upon the foregoing, it is clear from the face of the Notice of Removal and the exhibits provided by Parker that removal cannot be permitted.

## V.   CONCLUSION

For the above reasons, the Court will summarily remand the case to the Family Court of the State of Delaware, Sussex County. An appropriate Order follows.